IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
(AT SEATTLE)

| | |
|---|---|
| JOHN ROBINSON, JR. an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION and JOHN DOES 1-10<br><br>Defendants. | Cause No. 2:11-cv-1567<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiffs, by and through their attorneys of record, J.D. SMITH and DAVID C. REED, of the firm Ward Smith PLLC, and allege and claim as follows:

### I.   PARTIES

1.1   Plaintiff JOHN ROBINSON, JR., at all times relevant hereto, resided in Auburn, Washington. At the time of the incident that resulted in Plaintiff's injuries, Plaintiff was an employee of Paragon Systems, Inc., of Tacoma, Washington, a government contractor.

1.2   Defendant United States Social Security Administration is an agency of the United States Government.

COMPLAINT FOR DAMAGES - 1

1.3     Plaintiff is not currently aware of the identity of defendants John Does 1 thru 10 but alleges upon information and belief that they are or were responsible for causing injuries to the plaintiff through acts of negligence, gross negligence or a reckless disregard for the plaintiff's safety.

## II.     JURISDICTION AND VENUE

2.1     The acts that are the subject of this complaint occurred in Seattle, Washington, and the defendants are an agency of the United States Government or agents of the United States Government acting in their official capacity on or around the time of the plaintiff's injuries and/or at the time that the acts occurred that led to the plaintiff's injuries. Jurisdiction is proper under Article III, Sections 1 and 2 of the Constitution of the United States.

## III.     FACTS

3.1     Plaintiff was at work, performing his duties as a contract federal security officer, through his employer, Paragon Systems, Inc., at the Social Security office located at 675 South Lane Street, Suite #401, Seattle, Washington 98104. Plaintiff was inside the office prior to the office being open to the public.

3.2     The office opens at 9:00 AM. Plaintiff heard a knock at the door. Plaintiff looked at his cell phone to check the time; it was 8:58 AM. Plaintiff proceeded to the door and decided to take the visitors in a little bit early that day, because normally, when someone knocks on the door shortly before regular office hours; it's someone needing to use the restroom.

3.3     Realizing that the social security office has the only public restroom in the building, Plaintiff decided to be kind and open a little early (two minutes earlier than normal).

3.4     As Plaintiff began to open the door, a person's hand reached through the opening and stabbed him in the head. Plaintiff was nearly knocked unconscious by the blow.

COMPLAINT FOR DAMAGES - 2

1      3.5    The suspect, who the Plaintiff later learned to be (Bennett), seeing that Plaintiff
2  was still on his feet, reared back and with even more force, stabbed him in the head again.

3      3.6    Plaintiff looked into Bennett's face and could see that he was in a rage. Plaintiff
4  started to draw his duty weapon but as Plaintiff started to draw, he noticed at least seven or eight
5  people behind him. They were all terrified and were running for the elevator or the emergency
6  exit to the stairwell. They were so close that Plaintiff feared that if Plaintiff had shot Bennett, the
7  rounds might pass though him and hit innocent bystanders.

8      3.7    Plaintiff started to close the door to the office, locking him out thereby protecting
9  the federal employees (and himself), but Plaintiff could not do that. He believed that his job
10 required him to protect civilians as well. Plaintiff simply could not just close the door and leave
11 Bennett free to attack civilians. Nor could the Plaintiff allow someone who has attacked a law
12 enforcement officer to get away and attack someone else.

13     3.8    Plaintiff was in a tough situation. Plaintiff realized that he had to engage Bennett,
14 a deranged individual with a knife. Under the circumstances, Plaintiff could not shoot him. So,
15 Plaintiff reached for Bennett and Bennett sliced Plaintiff's right hand from the base of his right
16 thumb so badly that it eventually took fifteen stitches to treat the wound.

17     3.9    After that, Plaintiff decided to just charge at Bennett in a bull-rush, planting his
18 right shoulder into Bennett's chest and barreling him into the wall adjacent the elevator. A
19 struggle ensued.

20     3.10    Plaintiff had Bennett's left hand pinned against the wall but Bennett had the knife
21 in his right hand and started screaming "Plaintiff kill you!!! Plaintiff kill you!!" over and over
22 again, as he continued to stab the Plaintiff in the head. The fight had gotten really ugly.

COMPLAINT FOR DAMAGES - 3

WARD SMITH PLLC

1000 2ND Ave, Suite 4010
Seattle, WA 98104-1023
Tel: 206-588-8529

3.11   For the first time in his life, Plaintiff was in a life or death struggle, his life and possibly numerous others depended on his defeating this man. The Plaintiff was not sure he could succeed.

3.12   As the fight continued, the parking lot attendant came onto the floor from the stairwell. He saw the Plaintiff struggling with Bennett and ran up and grabbed Bennett's right arm (the one with the knife), then he and Plaintiff working together, slam Bennett to the floor.

3.13   At this point, Plaintiff was completely exhausted. Plaintiff had his knees in Bennett's back. Plaintiff managed to get on the radio (Federal Police Radio Network) and put out his help call "10-George-16", (Officer Needs Help!!), "10-Paul 1048": Inspector Rob Moyer, "10-Paul-1040": Inspector Mike Brown and "10-Paul-1041": Inspector O. Mefford. They acknowledged that they were en route.

3.14   Plaintiff had blood streaming down his face and was almost blind with blood in his eyes. His mouth continued to fill with blood as well.

3.15   Bennett said to Plaintiff, "You take my money and I take your life!" At this point, Bennett was continuing to struggle against the Plaintiff and the parking attendant. Plaintiff do not have much energy left so, he just laid on top of Bennett just using his weight and what strength he had left to hold Bennett down. "Lisa," the assistant office manager walked up and by this time, Plaintiff could not see at all. Plaintiff was completely blinded by the blood streaming into his eyes. He could not see Lisa, but, could hear her say, "John, I think we should put handcuffs on him."

3.16   Realizing that Lisa was not behind the protective enclosure, Plaintiff told her to get away! That this guy is crazy but she insisted, "John" she said, completely frightened and timidly, "I think we need to put cuffs on this guy." Plaintiff could not see well enough to do it

COMPLAINT FOR DAMAGES - 4

himself; he was losing so much blood, he was lightheaded and did not know how long he was going to be conscious.

  3.17 Plaintiff told Lisa to take the cuffs out of the pouch on the back of his pistol belt and place them on Bennett. Just as she finished applying the cuffs, federal police arrived and Plaintiff transferred custody of Bennett to them. Plaintiff did not know how badly he was injured at this time.

  3.18 Plaintiff felt like he had gotten hit in the head with a hammer five or six times and that Plaintiff was semi-conscious when he arrived at the trauma unit at Harborview Hospital in Seattle, Washington.

  3.19 Bennett was charged in federal court in Seattle with attempted murder of a federal officer.

  3.20 Plaintiff suffered five non-skull penetrating stab wounds to the head, depression, post traumatic stress disorder, stab wound to the right hand.

  3.21 Upon information and belief, the Defendant Social Security Administration and/or John Does 1-10 were aware of the number of security officers necessary to safely police the egress and ingress of this particular Social Security Office.

  3.22 Upon information and belief, prior to this incident, there was the appropriate number of security officers assigned to police this area.

  3.23 Upon information and belief, the defendants Social Security Administration and/or John Does 1-10, in a negligent, grossly negligent, or reckless disregard for the safety of the public and the security personnel assigned to this area, failed to assign an adequate number of security personnel to police the ingress and egress of this social security office.

COMPLAINT FOR DAMAGES - 5

3.24 Upon information and belief, the Social Security Administration and/or John Does 1-10 knew or should have known of the threat that Bennett posed to the Plaintiff, the general public and the security personnel working at this Social Security Office. The Social Security Administration and/or John Does 1-10 failed to take any appropriate or adequate precautions regarding Bennett including a failure to warn the Plaintiff and the general public about Bennett and his threat to the safety of those in his path.

3.25 Plaintiff has suffered severely from mental and physical trauma as a result of this incident. This has included severe depression and post-traumatic stress disorder.

## IV. CAUSES OF ACTION- NEGLIGENCE, WRONGFUL DEATH, OUTRAGE

4.1 Plaintiff incorporates all of the allegations asserted above as if fully set forth here.

4.2 Defendants owed a duty to plaintiffs to act with reasonable care not to cause the Plaintiff injury. Defendants further owed the plaintiffs a duty not to act with gross negligence or recklessness regarding the safety of the Plaintiff.

4.3 By failing to provide the adequate number of security personnel to police the ingress and egress of this Social Security Office and/or by failing to warn the Plaintiff of the danger that Bennett posed to the Plaintiff, the Defendants breached their duty of care.

4.4 The plaintiff each suffered injuries.

4.5 Breach of their duty was the actual, direct and proximate cause of the injuries to Plaintiff.

## V. DAMAGES

5.1 As a direct and proximate result of the tortious acts of the Defendants, and each of them, the Plaintiff suffered severe emotional distress, mental anguish, mental and emotional shock, all of which have continued into the present day and will continue into the foreseeable

COMPLAINT FOR DAMAGES - 6

1  future. Plaintiff has sustained injuries, damages, expenses and losses in amounts that will be
2  proven at trial but in excess of $75,000.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally as follows:

(1) For such damages as shall be established at time of trial;

(2) For such attorneys' fees, interest, costs, and such other and further relief as shall be allowed by law or deemed just and equitable.

(3) For any and all such other relief deemed by the court to be just and equitable.

DATED this 19th day of September, 2011

WARD SMITH PLLC

*/s/ J.D. Smith*

J.D. Smith, WSBA #28246
jd@wardsmithlaw.com
David C. Reed, WSBA #24663
david@wardsmithlaw.com
Counsel for Plaintiff John Robinson, Jr.

COMPLAINT FOR DAMAGES - 7